**In re Douglas W. RUDDUCK, Angela M. Rudduck, Debtors.**

**Bankruptcy No. 2–86–03308.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 10, 1987.

James C. Lewis, III, Columbus, Ohio, for Bank One, Columbus, N.A.

John I. Peters, Pataskala, Ohio, for debtors.

Douglas W. Rudduck, Angela M. Rudduck, Pataskala, Ohio, Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

### ORDER ON OBJECTION TO CLAIM OF BANK ONE, COLUMBUS, N.A.

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an Objection to Claim filed by Chapter 13 debtors Douglas W. and Angela M. Rudduck. The claim specifically objected to is Claim # 3, as amended on November 3, 1986, filed by Bank One, Columbus, N.A. ("Bank One"), in the amount of $10,329.90. That objection was opposed by Bank One and was heard by the Court. By implied agreement of the parties, the debtors' objection as tried also included opposition to Claim # 15, filed by Bank One on November 3, 1986, in the amount of $1016. For reasons set forth below, the Court sustains the debtors' objections in part and overrules those objections in part.

The debtors filed a petition under the provisions of Chapter 13 of the Bankruptcy Code on August 26, 1986. Their proposed Chapter 13 plan, as amended, calls for payments of $70.25 per week to the Chapter 13 Trustee, payment in full of all secured and priority unsecured claims and a dividend of 10% to holders of allowed unsecured claims. In connection with confirmation, the debtors objected to certain charges included in claims asserted by Bank One. To the extent those objections challenged assessments for disability and credit life insurance, however, that matter has been resolved between these parties.

The Court makes the following findings of facts. On July 13, 1985 the debtors and Bank One entered into a consumer installment loan contract and security agreement. By that agreement the debtors promised to repay Bank One a principal obligation of $10,112.74 with an initial interest rate of 12.25% in installments of $227.63 every month over a period of 60 months. Total payments over the life of the loan were to be $13,657.80. To secure repayment of that purchase money loan, the debtors granted Bank One a security interest in a 1985 Toyota automobile.

The debtors made payments on the loan in 1985 and 1986 totaling $2,276.30. As of the time the bankruptcy was filed, Bank One calculated its pay-off balance at $9,313.90, representing deductions from the amount financed for payments of $2,276.30, and additions of $1,466.46 for interest and late charges. That net claim of $10,329.90 has been asserted as claim # 3.

The second of Bank One's contested claims, in the amount of $1016, represents a premium for vehicle insurance for the Toyota which Bank One purchased and now seeks to recover from the debtors.

■ The debtors object to three segments of Bank One's claims. Specifically they allege that the $68.28 for late fees is unsubstantiated, that the amount of $1,398.18 for interest is incorrectly calculated, and that the $1016 asserted for the insurance premium represents an unauthorized charge.

The Court finds that the debtors failed to introduce any evidence to refute the validity of the late charges. Therefore, that portion of the debtors' objection is overruled.

■ The Court further finds that no evidence or opinion was introduced as to any specific amount of interest erroneously claimed by Bank One, and the Court's examination of the parties' exhibits does not disclose any apparent error of significant magnitude in this regard. Therefore, except for findings stated below, Bank One's claim for interest will be allowed as filed, and that portion of the debtors' objection is, hereby, overruled.

■ The final aspect of the debtors' objection to Bank One's claim relates to the bank's assertion of entitlement to reimbursement from the debtors for a policy of insurance for the Toyota for which Bank One advanced the premium. It is undisputed that, at all relevant times, the debtors had insurance in force on the Toyota. Through some mistake or error on the part of the debtors' insurance agent or insurer, however, the wrong entity was designated as the loss payee on that policy. Bank One admitted that its insurance agent was aware that the debtors had purchased a policy which correctly designated Bank One as loss payee for the last six months of the period also covered by the policy purchased by the bank. Bank One, therefore, agreed to reduce its claim by the amount of any rebate attributable to that period of overlap, but found that such rebate would be $264 or only approximately one quarter of the total premium asserted against the debtors. The debtors, on the other hand, challenge the allowance of any portion of that premium.

Consistent with Bank One's procedures, the debtors were never contacted by the bank regarding the insurance problem. Instead, the debtors received a letter in March, 1985 from Transamerica Premier Insurance Co., stating that Bank One had taken out insurance to protect its collateral and the debtors would be charged for that expense unless other insurance coverage were verified. Upon receipt of that letter, Mrs. Rudduck called Bank One where she was told to contact her own insurance agent regarding the matter. That contact was also made, and the debtors were assured that the insurance was in force and that the misunderstanding would be resolved. Apparently, however, that resolution never occurred.

As authority for its claim of entitlement to reimbursement for the insurance premium, Bank One relies upon the provisions of two paragraphs in its loan and security agreement with the debtors. Those paragraphs state:

**SECURITY** By signing this Agreement, you give us a security interest in the property you are buying which is described in the Collateral Description section of this Agreement. You agree that you will not sell or lease it without our written consent. You will keep the collateral in good condition and will not use it for any unlawful purpose. You will keep it insured against loss or damage for at least the amount owed to us as described in the Property Insurance paragraph of this Agreement and will furnish us with a copy of the insurance policy naming us as the loss payee. You will pay any taxes due on the property and will advise us in writing if you move or if the property will be kept at some other address.

**ADDITIONAL SECURITY INTEREST** If we finance any property insurance or credit insurance in connection with this loan, you give us a security interest in any insurance proceeds or refund of premiums, and we may apply such amount to the balance owing on your loan.

Examination of the specific language of the quoted sections, however, does not establish that Bank One is thereby authorized to acquire insurance for its collateral

and to charge this cost back to the debtors. The cited paragraphs, while requiring the debtors to insure the collateral and to designate Bank One as loss payee, do not represent an agreement by the debtors to be charged for insurance purchased by the bank. While some theory of entitlement to benefit conferred might be appropriately invoked to the extent such purchase actually benefited a debtor, that position is not appropriate, and was not advanced, under the circumstances of this case. Bank One's collateral was protected at all times, and the duplicative insurance afforded no recognizable benefit to either party. Furthermore, the contract provision for additional security interest, by its language, relates only to proceeds or refunds of premiums for property insurance which was financed in connection with the loan. The loan agreement between these parties, by its terms and disclosures, did not include financing for property insurance. Accordingly, the Court finds that Bank One's claim for reimbursement for the insurance premium is not enforceable under the agreement and must be disallowed in any claim asserted in this case pursuant to 11 U.S.C. § 502(b)(1).

Based upon the foregoing, the debtors' objection to Claim # 15, filed by Bank One for reimbursement of an insurance premium in the amount of $1016 shall be, and the same is, hereby, SUSTAINED. The debtors' objection to late fees and interest charges in Claim # 3, filed by Bank One, is OVERRULED, except that Bank One is ordered, within thirty (30) days after the date of the entry of this order, to reduce its claim of interest in Claim # 3 by any amount of that charge which is attributable to interest associated with the financing of the disallowed insurance premium.

IT IS SO ORDERED.